UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHARLES L. DAVIS | ) | |
| | ) | |
| v. | ) | No. 2:05-CV-328 |
| | ) | |
| LIEUT. MINTHORN, OFFICER D. | ) | |
| COLLINS, SGT. EDEN, CHAPLAIN | ) | |
| BARBER, CAP'T FINLEY, N. HALL, | ) | |
| LIEUT. MITCHELL, T. PHILLIPS, | ) | |
| and MAJOR DOWNS | ) | |

## MEMORANDUM and ORDER

This is a *pro se* civil rights action for damages and injunctive relief brought under 42 U.S.C. § 1983 by a former prisoner in the Washington County Detention Center (WCDC). The plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

The complaint alleges that, during the plaintiff's confinement in the WCDC, he was denied his right to freely exercise his Islamic religion; his right to due process; and his right to equal protection of the law and that he also was subjected to religious discrimination; excessive force; and various forms of retaliation for exercising his religion and for utilizing the grievance system. He further complains that, in violation of the WCDC policies and procedures, he was denied special visitation with his family, as well as witnesses he wished to call to testify at a disciplinary hearing held after he was written up for a rule infraction (i.e., fighting with another inmate). The plaintiff charges that all the alleged violations and

constitutional infringements occurred after he made his religious preference known, impliedly asserting that the purportedly unlawful treatment was propelled by a retaliatory motive.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). It is a prisoner's burden to demonstrate exhaustion of those remedies. *See id.,* at 1104. Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001); *accord, Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement *sua sponte*. *Toombs,* 139 F.3d at 1104.

To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).

In this case, the plaintiff makes many allegations involving the conditions and treatment to which he was subjected in the WCDC. The plaintiff avers that he "utilized [the facility's] grievance procedure and exhausted remedies." (Doc. 3, Compl. at ¶ II.D). While he has attached a copy of an inmate request form in which he expresses discontent about

2

being denied witnesses at his disciplinary board hearing, he has not submitted copies of any grievances and has made no specific averments to show that he exhausted his administrative remedies as to all the rest of the alleged conditions/wrongdoing before asserting them as constitutional violations in this lawsuit.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint. Thus, because the plaintiff has failed to bear his burden of showing exhaustion as to *each* of his constitutional claims, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Finally, the plaintiff's motion for the appointment of counsel is **DENIED** as **MOOT**. (Doc. 4).

3

A separate order will enter.

ENTER:

                                            s/ Leon Jordan
                                        United States District Judge